UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH D. IRWIN, SR. and REVA JOAN IRWIN, Individually and as Administrators of the Estate of KENNETH D. IRWIN, JR., deceased<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., d/b/a "NASCAR",<br><br>SABCO RACING, INC., and<br><br>CHIP GANASSI RACING WITH FELIX SABATES, d/b/a SABCO RACING, INC. | CIVIL ACTION<br><br>NO. 02-CV-03335<br><br>HON. JAN E. DuBOIS, J. |

## O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiffs' Motion to Remand, and Defendant's response thereto, it is hereby ORDERED that said Motion is GRANTED.

The matter is hereby REMANDED to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____
JAN E. DuBOIS, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH D. IRWIN, SR. and REVA JOAN IRWIN, Individually and as Administrators of the Estate of KENNETH D. IRWIN, JR., deceased<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., d/b/a "NASCAR",<br><br>SABCO RACING, INC., and<br><br>CHIP GANASSI RACING WITH FELIX SABATES, d/b/a SABCO RACING, INC. | CIVIL ACTION<br><br>NO. 02-CV-03335<br><br>HON. JAN E. DuBOIS, J. |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiffs hereby request this Honorable Court to remand this action to the Court of Common Pleas of Philadelphia County, and in support thereof states:

1.   This civil action was commenced in the Court of Common Pleas for Philadelphia County, on April 30, 2002, by filing of a Writ of Summons, with Civil Cover Sheet.  [Exhibit A].

2.   The said Writ, pursuant to the Pennsylvania Rules of Civil Procedure, notified the named defendants that a lawsuit had been filed.

3.   Defendants filed a Notice of Removal on May 29, 2002, which invoked this Court's subject-matter jurisdiction based upon alleged diversity of citizenship of the parties.

4.   Defendants' Notice of Removal looks beyond the face of the Writ itself, and is predicated on assertions of defendants' beliefs and other allegations that are outside the scope of the state court pleadings.

5.   Defendants' allegations encompass three critical jurisdictional issues, as follows:

    a.   Defendants assert that the plaintiffs, as well as the decedent, were citizens and residents of Indiana. [Notice of Removal, ¶ 5].

    b.   Defendants contend that the only citizenship of defendant "Chip Ganassi Racing with Felix Sabates, d/b/a Sabco Racing, Inc.," is in North Carolina. [Notice of Removal, ¶ 10].

    c.   Defendants rely on plaintiffs' discovery requests to assert that plaintiffs claim damages "for the death of race car driver Ken Irwin." Defendants aver, therefore, that the claim exceeds $75,000. [Notice of Removal, ¶ 4].

6.   The defendants' jurisdictional averments raise disputed factual issues subject to discovery, particularly the citizenship of the decedent and the Ganassi defendant's principal place of business.

7.   Furthermore, the defendants also rely on a purported "correction" to their corporate filing in Pennsylvania, made on May 28, twenty-eight days after suit was started and the day

before they filed their Notice of Removal.  [Notice of Removal, Exhibit E].

8.  Jurisdiction must be determined as of the commencement of an action.  Defendants cannot create federal jurisdiction by corporate filings made after this action was commenced.

9.  The Writ identifies the plaintiffs as residents of Indiana.  They are named as individuals and in their capacity as administrators of their son's estate.

10.  Plaintiffs were appointed as personal representatives of the estate of Kenny Irwin, Jr., by the Superior Court of the State of North Carolina, on October 6, 2000, in that decedent's residence and citizenship was in North Carolina.  [Letters of Administration and Death Certificate, Exhibit B].

11.  Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

12.  Because the decedent was a citizen of North Carolina, plaintiffs must be deemed citizens of North Carolina in their capacity as administrators of his estate.

13.  Because the defendant SABCO Racing, Inc., is a citizen of North Carolina, complete diversity of citizenship is lacking in this action.

14.  The defendant, Chip Ganassi Racing with Felix Sabates, d/b/a Sabco Racing, Inc., is identified in the Writ as a

corporation with an office address within the Commonwealth of Pennsylvania, specifically, at One Oxford Centre, Suite 3550, Pittsburgh, PA 15219.

15. Pursuant to 28 U.S.C. § 1441(b), a civil action may not be removed on grounds of diversity jurisdiction if any defendant is a citizen of the forum state.

16. Based on a national corporate database search, the only corporate filing anywhere in the nation, under the name "Chip Ganassi Racing with Felix Sabates, d/b/a Sabco Racing, Inc.," was with the Pennsylvania Corporation Bureau, showing an office address in Pittsburgh. [Exhibit C].

17. The papers filed in state court indicate that Chip Ganassi Racing was a corporate citizen of Pennsylvania, with its principal place of business and headquarters in Pittsburgh.

18. The only information about the value of the plaintiffs' claim which can be derived from the face of the Writ and Civil Cover Sheet is that plaintiff requested a jury trial, meaning that the claim exceeds $50,000.

19. Diversity jurisdiction over this action would exist only if the state court filings establish that the amount in controversy is more than $75,000. Defendants have not met their burden to establish the amount in controversy, based on the Writ and Cover Sheet filed with the state court.

WHEREFORE, plaintiff requests that Plaintiffs' Motion to Remand be granted, and this civil action be remanded to the Common Pleas Court.

                                        Respectfully submitted,
                                        KESSLER, COHEN, & ROTH, P.C.

                                        _____
                                        STEWART L. COHEN, ESQUIRE
                                        WILLIAM D. MARVIN, ESQUIRE
                                        Attorneys for Plaintiffs

Attorney ID# 25448/34265
Two Penn Center Plaza, Suite 1705
Philadelphia, PA  19102
(215) 567-3500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH D. IRWIN, SR. and REVA JOAN IRWIN, Individually and as Administrators of the Estate of KENNETH D. IRWIN, JR., deceased<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., d/b/a "NASCAR",<br><br>SABCO RACING, INC., and<br><br>CHIP GANASSI RACING WITH FELIX SABATES, d/b/a SABCO RACING, INC. | CIVIL ACTION<br><br>NO. 02-CV-03335<br><br>HON. JAN E. DuBOIS, J. |

**MEMORANDUM OF LAW**

I.   **INTRODUCTION**

This action, begun by Writ in the Philadelphia Common Pleas Court, was improperly removed for three independent reasons:

(1) plaintiffs must be deemed citizens of North Carolina in their capacity as administrators of the decedent's estate, which precludes complete diversity among the parties to the litigation;

(2) the Writ of Summons starting this law suit identifies one corporate defendant as a corporate resident of Pennsylvania; pursuant to 28 U.S.C. § 1441(b), a

1

resident defendant cannot remove a state court action filed in the forum state;

(3) the Writ does not show that the amount in controversy requirement is met.

Accordingly, this action should be remanded to state court.

## II. BACKGROUND

Plaintiffs, parents and administrators of the Estate of their deceased son, began this action by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County. This Pennsylvania state court procedure allows a plaintiff to file a legal action without a Complaint, and, where circumstances warrant to obtain facts necessary to inform the pleading, discovery to be taken in order to prepare a Complaint. Compelling reasons for this discovery exist in this case, as the defendants had retained exclusive knowledge and control of evidence about the fatal race car accident which killed plaintiffs' son on July 7, 2000.

Plaintiffs sought discovery about the crash and post-crash investigation, to compile the necessary information to prepare a Pennsylvania state court Complaint, and to identify possible additional defendants before the second anniversary of the crash. [Notice of Removal, Exhibits C and D]. Indeed, after a hearing in the Philadelphia Court of Common Pleas Discovery

Court in which it was permitted, such expedited discovery was proceeding.

The defendants' Notice of Removal asserts diversity of the citizenship of the parties as the sole basis for this Court's jurisdiction. In support of their Notice of Removal, Defendants rely on information outside the four corners of the Writ to establish three elements essential to this Court's removal jurisdiction: that the plaintiffs <u>and</u> decedent were all Indiana citizens; that one of the defendants, Chip Ganassi Racing with Felix Sabates, d/b/a Sabco Racing, Inc., is not a Pennsylvania citizen; and that the amount in controversy exceeds $75,000.

Because the jurisdictional inquiry should be confined to the four corners of the Writ and cover sheet filed in the Common Pleas Court, such extraneous information should be ignored, and this action remanded because the defendants cannot meet their burden to remove all doubts whether this Court's has proper subject matter jurisdiction.

However, even with additional evidence as offered by defendants, the documented facts show that removal based on diversity jurisdiction is improper. Therefore, the case should be remanded to state court.

### III. STANDARDS FOR REMOVAL

**A.   Defendants Have The Burden To Show That Removal Is Proper, and Doubts Must Be Resolved In Favor Of Remand**

Defendants, as removing parties, bear the burden of proving that removal is proper. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995); Cartwright v. Thomas Jefferson Univ. Hosp., 99 F. Supp. 2d 550, 552 (E.D. Pa. 2000). All doubts concerning the propriety of removal are resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 112 L. Ed. 2d 1046, 111 S. Ct. 959 (1991); Barkley v. City of Philadelphia, 169 F. Supp. 2d 346, (E.D. Pa. 2001); Apoian v. American Home Products, Corp., 108 F. Supp. 2d 454, 456 (E.D. Pa. 2000).

**B.   This Court's Removal Jurisdiction Must Be Found On the Face of the Writ, Standing Alone**

Extraneous information, such as that appended to the defendants' Notice of Removal, should be ignored. "[T]he relevant test is not what the defendant purportedly knew, but what the … documents said." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3d Cir. 1993). The Foster court explained that "the inquiry, limited to the four corners of the pleading, is whether the documents inform the reader, to

4

a substantial degree of specificity, whether all the elements of federal jurisdiction are present." 986 F.2d at 53.

Here, the Writ shows only that plaintiffs commenced an action against the defendants with a jury trial demand, and that one of the defendants had its office address in Pittsburgh.

### C.  Elements Of Removability When Action Was Begun By Writ

Where an action was commenced by writ, the question is "do the writ and civil cover sheet alert defendants that (1) plaintiff and defendants are citizens of different states, and (2) the amount in controversy exceeds $ 75,000." Sprague v. American Bar Association, 166 F. Supp. 2d 206, 209 (E.D. Pa, 2001). In this instance, there is an additional element necessary to establish removability based upon diversity of citizenship: that the Chip Ganassi defendant was not a Pennsylvania corporate citizen, because an action cannot be removed, even if diversity otherwise exists, where any defendant is a citizen of the forum state.  28 U.S.C. § 1441(b).

### IV.  REMOVAL WAS IMPROPER FOR THREE REASONS

5

**A.   There is No Diversity of Citizenship, Inasmuch As Plaintiffs, As Estate Administrators, And Defendant SABCO Racing, Inc. Are Both Citizens of North Carolina**

The diversity jurisdictional statute, 28 U.S.C. § 1332(c)(2), establishes that the citizenship of a plaintiff who represents a decedent's estate is identical to the citizenship of the deceased. "For purposes of this section and section 1441 of this title . . . the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

The decedent's estate was probated in North Carolina, as demonstrated by the attached Letters of Administration. That state had jurisdiction over the probate estate because Kenny Erwin, Jr., had moved from Indianapolis and established his domicile at the home he owned in North Carolina, as shown on the Death Certificate. [Exhibit B]. His estate was properly raised in the state where he lived.

Moreover, when the Writ is examined on its face, as required under the Third Circuit's precedents, the remaining elements of federal jurisdiction are not established. Moreover, even if the Court accepts defendants' invitation to consider extraneous evidence, the defendant cannot meet its burden to establish diversity jurisdiction in this action. Any Complaint

to be filed in this matter will necessarily include the fact that plaintiffs' decedent was a citizen of North Carolina.

Therefore, this matter should be remanded to state court expeditiously.

### B. The Purported Non-Citizenship of the Ganassi Defendant Is Not Established On the Writ And Thus, Removal Was Improper

Defendants contend that the Chip Ganassi defendant, despite its office in Pittsburgh, Pennsylvania, is not a Pennsylvania citizen. Although the information appended to the Notice of Removal should be ignored under Foster, if the Court were to consider this evidence, there are substantial grounds to question defendants' arguments.

Before filing suit, plaintiffs conducted a nationwide public records database search for corporate entities with the Ganassi name. [Exhibit C]. The corporate filings in North Carolina did not show any corporation named "Chip Ganassi Racing with Felix Sabates, d/b/a Sabco Racing, Inc." The only corporate filing on behalf of this entity name was with the Commonwealth of Pennsylvania, showing the same Pittsburgh office address as other Ganassi enterprises and Mr. Ganassi and other family members.

Thus, given that Ganassi's businesses are evidently headquartered in Pittsburgh, the record does not establish the

7

non-citizenship of the Ganassi defendant. As the Sprague court observed:

> The writ provides no information about the state of incorporation or the principal place of business of the corporate defendant. Therefore, because the writ merely states the addresses of the parties, it does not allege fully the citizenship of all parties and defendants were not put on notice that diversity jurisdiction existed.

Sprague v. American Bar Association, 166 F. Supp. 2d at 209.

For comparison, in Klawiter v. Paper Converting Machine Co., 2002 U.S. Dist. LEXIS 1827 (E.D. Pa. 2002), the court found diversity where the writ identified defendant as a Wisconsin corporation with CT Corporation System as its authorized agent for service in the Commonwealth. There, the court took notice that CT was "an entity which exists for the very purpose of facilitating service upon corporations which are privileged to conduct business in the Commonwealth but do not maintain a physical presence here." Id. at *5. On those facts, the writ "foreclosed all but the most abstract possibility that the citizenship of the respective parties was not diverse." Id.

Here, in contrast, public documentation not only presents solid evidence that plaintiffs, as administrators, have the same citizenship as SABCO Racing, but also shows that Chip Ganassi Racing had a physical presence and its ONLY corporate filing in

8

Pennsylvania. This is far more than a mere "abstract possibility" of corporate citizenship in Pennsylvania.

The contention in defendants' Notice of Removal, that this entity was actually the same thing as "SABCO Racing, Inc." and that it subsequently filed a "correction" to the name of "SABCO Racing, Inc., d/b/a Chip Ganassi Racing with Felix Sabates," does not change the state of affairs as of the date the Writ was filed, or alter the information within the four corners of the Writ and the Civil Cover sheet, which must control. On the present state of the record, given their strict burden of proof, defendants' allegations that North Carolina was not only the state of incorporation for the racing team, but also its principal place of business, cannot be accepted as grounds for removal jurisdiction.

**C.   The Writ Does Not Satisfy Amount In Controversy Requirement**

The Sprague Court squarely addressed the question whether a major jury filing, implying a claim over $50,000, was sufficient grounds to infer the $75,000 threshold for diversity jurisdiction. (In Sprague, defendant had not sought removal until after the Complaint was filed; thus, the plaintiff was arguing that the Writ was removable at the outset, making the later removal untimely).

9

> Plaintiff argues that because other recent Pennsylvania libel actions were worth well more than $75,000, defendants should have known that the value of this case likewise exceeded that amount. Foster, however, instructs that the "relevant test is not what the defendant purportedly knew, but what the [ ] documents said." Foster, 986 F.2d at 54.  As such, the value of other Pennsylvania libel actions is irrelevant to this inquiry.  Plaintiff also contends that the court is permitted to make an independent valuation of plaintiff's claim. …  [In Angus v. Shiley Inc., 989 F.2d 142 (3d Cir. 1993)], the court stated that "given that the complaint does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim." Id.  The instant case, however, differs from Angus because the court there had not just a mere cover sheet, but an actual complaint complete with factual allegations, to assist it in valuing plaintiff's claim.  …  Accordingly, I find that the civil cover sheet was insufficient to notify defendants that original federal jurisdiction existed.  See Mangano [v. Halina, 1997 U.S. Dist. LEXIS 17876, 1997 WL 697952, at *5 (E.D. Pa. Nov. 3, 1997) (finding that plaintiff's statement in the complaint that damages were in excess of $ 50,000 was insufficient to establish damages in excess of $ 75,000 for purposes of diversity jurisdiction).

Id. at 209-10.  Thus, the Notice of Removal fails to meet defendants' burden to prove the amount in controversy, essential to diversity jurisdiction.  Defendants' professed belief, that damages for the death of a race car driver exceeds $75,000, may be as well-founded as Richard Sprague's estimation of the value of one of his libel claims.  But neither belief, standing alone, lacking any support within the four corners of the state court pleadings, is sufficient to establish the amount of the claim for removal jurisdiction.

10

Therefore, remand of this case to the Common Pleas Court of Philadelphia County is required.

Case 2:02-cv-03335-JD   Document 3   Filed 06/05/2002   Page 17 of 20

**V.   CONCLUSION**

Plaintiffs respectfully request that the Court grant this Motion to Remand.  A proposed Order is attached.

Respectfully submitted,
KESSLER, COHEN & ROTH, P.C.


_____
STEWART L. COHEN, ESQUIRE
WILLIAM D. MARVIN, ESQUIRE
Attorney for Plaintiff

Attorney ID# 34265
Two Penn Center Plaza, Suite 1705
Philadelphia, PA  19102
(215) 567-3500

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH D. IRWIN, SR. and REVA JOAN IRWIN, Individually and as Administrators of the Estate of KENNETH D. IRWIN, JR., deceased<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., d/b/a "NASCAR",<br><br>SABCO RACING, INC., and<br><br>CHIP GANASSI RACING WITH FELIX SABATES, d/b/a SABCO RACING, INC. | CIVIL ACTION<br><br>NO. 02-CV-03335<br><br>HON. JAN E. DuBOIS, J. |

### CERTIFICATE OF SERVICE

WILLIAM D. MARVIN, attorney for plaintiff, hereby certifies that true and correct copies of the foregoing were served upon counsel for all other parties, by Hand Delivery, as follows:

    Dean F. Murtagh, Esquire
    German, Gallagher & Murtagh
    The Bellevue, Suite 500
    200 S. Broad Street
    Philadelphia, PA 19102
    Counsel for Defendants

                              Respectfully submitted,
                              KESSLER, COHEN & ROTH, P.C.

DATE: _____        _____
                                            WILLIAM D. MARVIN, ESQUIRE
                                            Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH D. IRWIN, SR. and REVA JOAN IRWIN, Individually and as Administrators of the Estate of KENNETH D. IRWIN, JR., deceased<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., d/b/a "NASCAR",<br><br>SABCO RACING, INC., and<br><br>CHIP GANASSI RACING WITH FELIX SABATES, d/b/a SABCO RACING, INC. | CIVIL ACTION<br><br>NO. 02-CV-03335<br><br>HON. JAN E. DuBOIS, J. |

**NOTICE OF MOTION**

TO:  Dean F. Murtagh, Esquire
     German, Gallagher & Murtagh
     The Bellevue, Suite 500
     200 S. Broad Street
     Philadelphia, PA 19102
     Counsel for Defendants

You are hereby notified that the attached Motion to Remand is being filed with the Court this date. Your response is due within ten (10) days, with an additional three (3) days if service hereof is made by mail.

                              Respectfully submitted,
                              KESSLER, COHEN & ROTH, P.C.


DATE: _____        _____
                              WILLIAM D. MARVIN, ESQUIRE